UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-00166 (UNA) |
| v. ) | |
| ) | |
| GUILFORD TECHNICAL ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP App."), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons expressed below, it dismisses this matter without prejudice.

At the outset, the court notes that plaintiff appears to be located in the District of Columbia, but he is currently unhoused. *See* Compl. at 1; IFP App. ¶ 6. While the court is certainly understanding of plaintiff's circumstances, the Local Rules of this court nonetheless require that a *pro se* plaintiff must provide both their full residence address and telephone number in the caption of their first filing or risk dismissal. *See* D.C. LCvR 5.1(c)(1). Without this information, the court cannot communicate with plaintiff regarding this case.

The allegations do not fare much better. Plaintiff sues Guilford Technical Community College, located in Jamestown, North Carolina. Compl. at 1. He contends that "submitted [his] application for graduation which was denied for May 2024 in re Paralegal Certification." *Id*. He fundamentally disagrees with this denial, and asserts, to the contrary, that he has met the necessary qualifications for graduation. *See id.* at 1–2. He alleges that, as a result of these circumstances, he has been unable to "maintain gainful employment," and he also broadly asserts, without any

supporting detail or explanation, that defendant violated his First, Eighth, and Fourteenth Amendment rights. *See id.* He demands $7 million in damages. *Id.* at 2.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's allegations do not raise any federal question. Although he cites to the United States Constitution, he provides no information necessary to state a cognizable claim. Indeed, a plaintiff's "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Put differently, federal question jurisdiction "must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, plaintiff has failed to articulate the deprivation of a fundamentally protected right. "Events may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Second, plaintiff has also failed to establish diversity of citizenship. It is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Indeed, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). As noted above, plaintiff has not pleaded a residence, let alone his citizenship.

And even if he had, this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). The defendant is not located in District of Columbia, and all of the operative events giving rise to plaintiff's intended claims appear to have occurred in North Carolina.

For all of these reasons, this case is dismissed without prejudice. Plaintiff's pending motion for appointment of counsel, ECF No. 4, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge